# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY PRIM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:21-cv-01671-SGC ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION[1]

The plaintiff, Ashley Prim, appeals *pro se* from the decision of the Commissioner of the Social Security Administration (the "Commissioner") finding she was no longer disabled as of July 1, 2019. (Doc. 1).[2] Prim timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review. 42 U.S.C § 405(g). As discussed below, the Commissioner's decision is due to be affirmed.

## I.     FACTS AND PROCEDURAL HISTORY

Prim previously applied for and received disability insurance benefits. (*See* R. 15). In a November 21, 2011 decision, the Commissioner found Prim was

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 12).

[2] Citations to the record in this case refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __). Citations to the administrative record refer to the page numbers assigned by the Commissioner and appear in the following format: (R. __).

disabled as of October 31, 2007, due to Graves' Disease and chronic bipolar/major depressive disorder with psychotic features. (R. 90-102). Among the findings included in this prior, favorable decision was that Prim's mental health impairments satisfied Section 12.04 of the Medical Listings ("Listings"). (R. 93). The agency subsequently conducted a continuing disability review and found Prim was no longer disabled. (*See* R. 15). Following a hearing, an Administrative Law Judge ("ALJ") issued a March 31, 2021 decision finding Prim was not disabled as of July 1, 2019. (R. 15-26). This is the decision Prim challenges in the instant appeal.

Prim was 40 years old on July 1, 2019—the date the ALJ determined her disability ended—and 42 at the time of the ALJ's decision. (R. 24, 26). Prim has at least a high school education and previously worked as a "day worker." (R. 24, 75). In the continuing disability review reports, Prim alleged she was disabled due to thyroid problems, major depression, back problems, and swelling in her lower extremities. (R. 274, 313, 326).

When determining whether a claimant's disability benefits should be terminated, Social Security regulations prescribe an eight-step evaluation process:

> (1) Are you engaging in substantial gainful activity? If you are (and any applicable trial work period has been completed), we will find disability to have ended (see paragraph (d)(5) of this section).
>
> (2) If you are not, do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart? If you do, your disability will be found to continue.

(3) If you do not, has there been medical improvement as defined in paragraph (b)(1) of this section? If there has been medical improvement as shown by a decrease in medical severity, see step (4). If there has been no decrease in medical severity, there has been no medical improvement. (See step (5).)

(4) If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1) through (4) of this section, i.e., whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to your ability to do work, see step (5). If medical improvement is related to your ability to do work, see step (6).

(5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply. If none of them apply, your disability will be found to continue. If one of the first group of exceptions to medical improvement applies, see step (6). If an exception from the second group of exceptions to medical improvement applies, your disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in this process.

(6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe (see § 404.1521). This determination will consider all your current impairments and the impact of the combination of those impairments on your ability to function. If the residual functional capacity assessment in step (4) above shows significant limitation of your ability to do basic work activities, see step (7). When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

(7) If your impairment(s) is severe, we will assess your current ability

3

> to do substantial gainful activity in accordance with § 404.1560. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.
>
> (8) If you are not able to do work you have done in the past, we will consider whether you can do other work given the residual functional capacity assessment made under paragraph (f)(7) of this section and your age, education, and past work experience (see paragraph (f)(9) of this section for an exception to this rule). If you can, we will find that your disability has ended. If you cannot, we will find that your disability continues.

20 C.F.R. § 404.1594(f)

Here, at the first step, the ALJ determined Prim had not engaged in substantial gainful activity. (R. 17). The ALJ next found that, as of July 1, 2019, Prim suffered from the severe impairments of morbid obesity, lumbar degenerative disc disease, and left knee osteoarthritis, as well as the non-severe impairments of hypothyroidism, major depressive disorder, and Graves' disease. (*Id.* at 17-18). At step two, the ALJ concluded that none of Prim's impairments, either individually or in combination, satisfied a Listing. (*Id.* at 18-20). At step three, the ALJ found Prim had undergone medical improvement by July 1, 2019; specifically, the ALJ concluded Prim's mental health issues no longer satisfied a Listing. (*Id.* at 20). At steps four and five, the ALJ concluded Prim's medical improvement was related to her ability to work. (*Id.*).

Moving to steps six and seven, the ALJ determined Prim continued to suffer

from severe impairments but had the RFC to perform medium work, except that she could: (1) never climb ladders, ropes, or scaffolds; (2) never work with dangerous moving machinery or at unprotected heights; (3) occasionally kneel and crawl; (4) frequently climb ramps and stairs; and (5) frequently balance, stoop, and crouch. (*Id.* at 20-24).  The ALJ also found Prim should avoid concentrated exposure to pulmonary irritants and poorly ventilated areas. (*Id.*).  Based on these findings, the ALJ concluded Prim could not perform her past relevant work. (*Id.* at 24).  However, at step eight the ALJ determined Prim could perform other work. (*Id.* at 24-25). Accordingly, the ALJ concluded Prim was no longer disabled as of July 1, 2019. (*Id.* at 26).

After exhausting her administrative remedies, Prim appealed *pro se* to this court on December 16, 2021. (Doc. 1).  The complaint does not state any issues or assert any arguments.  After the Commissioner answered (Doc. 8), the Clerk of Court entered a briefing letter (Doc. 9) establishing briefing deadlines.  Prim never filed a brief in support of her complaint.  Likewise, Prim did not reply to the Commissioner's brief in support of the decision. (Doc. 13).  All deadlines for submitting briefs have passed, and this matter is ripe for adjudication.

## II.   STANDARD OF REVIEW

A district court's role in reviewing claims brought under the Social Security Act is narrow.  The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar.*

*Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*  It is "more than a scintilla, but less than a preponderance."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   DISCUSSION

An ALJ may terminate a claimant's benefits if substantial evidence shows medical improvement in the claimant's impairments related to her ability to work, and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594(a).  As noted above, Prim failed to submit any brief, argument, list of authorities, or statement in support of her claims.  Prim has failed to point to any errors in the ALJ's opinion despite having three opportunities to do

so: (1) the complaint; (2) an initial brief in support of her claim; and (3) a reply to the Commissioner's brief.

Nonetheless, and considering the standard applicable to *pro se* filings, the court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. The court concludes the ALJ applied the proper legal standards and his decision is supported by substantial evidence. Accordingly, the ALJ did not err when he concluded that Prim was no longer disabled as of July 1, 2019.

## IV. CONCLUSION

Having reviewed the administrative record and considered all the arguments presented, the court finds the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 19th day of January, 2023.

                                                                   _____
                                                                   STACI G. CORNELIUS
                                                                   U.S. MAGISTRATE JUDGE